UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PATRICIA ANN NAVE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-248-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HILTON WORLDWIDE, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Patricia Nave claims that Defendant Hilton Worldwide, Inc. ("Hilton") has allowed her HHonors points to be wrongfully converted, redeemed, canceled or otherwise lost through errors and overall negligence. As a result, she filed this civil action in the Fayette Circuit Court. On June 20, 2014, Hilton removed the action to this Court based on diversity jurisdiction. Hilton contends that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This assertion is based, in part, on Nave's response to a formal request for admission in which Nave admits that she is seeking damages exceeding the requisite jurisdictional amount. [Record No. 1, Exhibit B]

Nave has moved the Court to remand the action back to state court. [Record No. 4] On the same date, she filed a supplemental discovery response in which she reduces her damage claim to $57,590.25 and asserts that "she is not seeking more than $75,000 exclusive of interest and costs." [Record No. 5, p. 5] Based on this revision, Nave argues that the case no longer

meets the statutory requirements of 28 U.S.C. § 1332 and that the Court "does not have original jurisdiction to hear the matter." [Record No. 4, p. 2]

Having reviewed the plaintiff's motion, the Court concludes that a response is not needed. It is true that a case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Further, the removing party bears the burden of establishing diversity jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Therefore, a party seeking to invoke federal court jurisdiction has the burden of demonstrating by competent proof that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (noting that "[t]his standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement" (internal quotation marks omitted)).

Generally, the amount in controversy can be established by reference to the allegations in the complaint. However, if the amount of the plaintiff's damages is unclear from the state court complaint, a defendant may rely upon responses provided in discovery to establish that the jurisdictional damage prerequisite exists. Here, Hilton has met its burden based on Nave's unambiguous admission that she was, in fact, seeking damages in excess of $75,000.00, exclusive of interest and costs, at the time her Complaint was filed and at the time of removal. Thus, the question becomes whether a plaintiff may divest the Court of jurisdiction by reducing her damage claims following proper removal by a defendant. The answer is no.

Events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his or her volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). Simply put, a plaintiff cannot defeat federal jurisdiction by agreeing to seek no more than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul*, 303 U.S. at 289-90 ("events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("[w]e look at the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion to Remand [Record No. 4] is **DENIED**.

This 21st day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge